**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JUSTIN LAMAR JOHNSON,** ) | CASE NO. 1:19 CV 2300 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **JUDGE JOSEPH GIBSON,** *et al.*, ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Justin Lamar Johnson filed this action under 42 U.S.C. § 1983 against retired Stark County Common Pleas Court Judge Joseph Gibson, Stark County Assistant Prosecutor Chryssa Hartnett, Criminal Defense Attorney Stephen Kandel, Criminal Defense Attorney Mary Warlop, Stark County Assistant Prosecutor Hope Konovsky, Stark County Prosecutor John Ferrero, Stark County Assistant Prosecutor Lewis Guarnierri, the Ohio Attorney General, and the United States Attorney General. In the Complaint, Plaintiff alleges Judge Gibson conducted a bench trial and wrongfully convicted him. He asserts this deprived him of due process. He seeks monetary damages.

**BACKGROUND**

Plaintiff was indicted in the Stark County Court of Common Pleas on February 2, 2016 on charges of Discharging a Firearm On or Near a Prohibited Premises, Felonious Assault and Having a Weapon under Disability. Plaintiff's attorney asked the Court to bifurcate the trial so

that Counts One and Two would be decided by a jury and Count Three would be tried to the bench. Plaintiff contends he did not sign a jury waiver for Count Three. On March 24, 2016, the jury found Plaintiff not guilty on Counts One and Two. The trial court then proceeded to trial on Count Three and found Plaintiff guilty. The court sentenced Plaintiff on April 22, 2016 to twenty-four months incarceration.

Plaintiff appealed his conviction to the Ohio Fifth District Court of Appeals. Among the assignments of error he asserted, he claimed that the trial court failed to follow Ohio Revised Code § 2945.05 and Ohio Criminal Rule 23(A) by not getting his written consent to a waiver of his right to a jury trial. The Appellate Court sustained that assignment of error, vacated his conviction, and remanded the case to the state court for a new trial on the offense. It appears the trial court elected not to retry Plaintiff. Plaintiff later was able to have his conviction expunged.

Plaintiff contends he is innocent of the charges and therefore was wrongfully convicted. He states he was accused of discharging a firearm at an individual who attacked him. He contends his cousin came to his defense and fired the weapon. The victim lost consciousness and when he awoke, he identified Plaintiff as the shooter. Plaintiff alleges that although his attorney requested the bench trial, he did not sign a waiver of his right to a jury trial. He claims he was denied due process.

Plaintiff acknowledges that this is his second attempt to obtain damages from Judge Gibson. He first filed *Johnson v. Gibson*, No. 1:18 CV 1152 (N.D. Ohio Aug. 13, 2018) on May 18, 2018 alleging that he did not properly waive his right to a jury trial for Count Three of his indictment. This Court dismissed that action on August 13, 2018 stating that Judge Gibson is absolutely immune from suits for damages. Plaintiff has now filed this action once again

eeking to hold Judge Gibson individually liable for his incarceration. He is attempting to obtain a different result by adding Defendants and changing his claim from one of a denial of his right to a jury trial to one of a denial of due process.

## **LAW AND ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

As an initial matter, this case is barred by the doctrine of *res judicata*. The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case.

This is the second case Plaintiff filed against Judge Gibson for unlawful conviction. This Court already found that Judge Gibson is absolutely immune from suits for damages in connection with decision he made while presiding over Plaintiff's criminal trial. Plaintiff now seeks to assert a different claim based on the same facts pertaining to the same incident. He is barred from doing so by the doctrine of *res judicata*.

The Court is aware that *res judicata* is an affirmative defense that generally is raised by

the Defendant. FED. R. CIV. P. 8. However, the Supreme Court as well as the Sixth Circuit have indicated that a Court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000); *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 757 (6th Cir.2003). A "special circumstance" is present when "a Court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412. This Court decided the very same issue that is again brought the Plaintiff. Plaintiff cannot proceed to relitigate an issue already decided by this Court.

Furthermore, the same reasoning applies in this case to dismiss the claims against Judge Gibson. Judges are absolutely immune from civil suits for money damages for decisions they made while presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judges are accorded absolute immunity to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. Absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. *Mireles*, 502 U.S. at 11-12. Neither of the exceptions apply in this case. Judge Gibson is absolutely immune from suits for damages.

Similarly, the Assistant County Prosecutors and the County Prosecutor are immune from

suits for damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Plaintiff's claims against Guarnieri, Fererro and Kovonsky are based on their decisions and actions in connection with presenting the state's case against him. These Defendants are also entitled to absolute immunity in this case.

Plaintiff's defense attorneys Kandel and Warlop are not subject to suit in a civil rights action. To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Public defenders and private defense attorneys are not state actors against whom claims can be asserted under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *Powers v. Hamilton County Public Defender Com'n* 501 F.3d 592

(6th Cir. 2007).

Finally, Plaintiff fails to state a claim for relief against either the Ohio Attorney General or the United States Attorney General. To the extent both are named in their official capacities, they are immune. A claim against a state official in his official capacity is a claim against the state itself. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment is an absolute bar to the imposition of liability upon states, state agencies, and state officials sued in their official capacities. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). Similarly, a claim against a federal officer in his official capacity is a claim against the United States. The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity, and it has not waived immunity for civil rights actions. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Scibana*, No. 02-1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003)(stating that a federal prisoner can not bring a *Bivens* action against the Bureau of Prisons). To the extent both Defendants are named in their individual capacities, he fails to allege they were personally involved in the decision to conduct a bench trial on Count Three of his indictment. Plaintiff cannot hold any Defendant liable in his individual capacity absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

## III. CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). Plaintiff's remaining Motions

(ECF Nos. 6, 7 ,8, 9, 10, 12) are denied.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

    IT IS SO ORDERED.

DATE: 2/10/2020

                      s/ Christopher A. Boyko
                      CHRISTOPHER A. BOYKO
                      SENIOR UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.